Isidora Somolinos de López, etc., Plaintiffs and Appellees, *v.* Máximo Ruidíaz y Marina, Defendant and Appellant.

No. 9162. Argued December 26, 1945.—Decided March 11, 1946.

*Dubón & Ochoteco* for appellant. *Carlos D. Vázquez* for appellees.

Mr. Justice Córdova delivered the opinion of the court.

The defendant appeals from a judgment of unlawful detainer ousting him from a property on the ground of the expiration of the lease. He set up two defenses in the lower

court, to wit: that the district court lacked jurisdiction because the rent did not exceed $1,000 per annum, and that the term had not expired at the time of the filing of the complaint, because an extension of the lease had been agreed upon, or because there had been an implied renewal thereof. The appellant urges that the lower court erred in dismissing both defenses.

■■ The pleadings and the evidence show that the appellees had been leasing the property to the appellant for approximately ten years, and that the last lease contract was made for the term of one year, to expire on June 2, 1944.

The rent was fixed at $35 monthly, plus one-half of the net proceeds of the cane planted on the property, and it was expressly agreed that this half of the proceeds of the cane would be considered as a part of the rent. The parties discussed the matter of the termination of the lease in March and June 1944. According to the evidence for the appellees, in March 1944, the appellant was informed that the lease would not be renewed, and on June 12, 1944, he was asked to surrender the property. According to the appellant, a renewal of the lease for another year was agreed upon in March, and it was not on June 12, but on June 23,[1] that the appellees demanded surrender of the property.

The evidence showed that the appellees were entitled to receive $483.47 as their share of the cane harvested on the property during the season of 1944, plus half the compensation to be paid by the Agricultural Adjustment Administration on account of the cane, which half was estimated by the parties at not less than $250. If those amounts are added to the fixed rental of $35 monthly, the result is an annual rent which exceeds $1,000.

The appellant argues that the evidence does not show the amount of the compensation, if any, to be received from the Agricultural Adjustment Administration, and that the wit-

[1] On June 23 the 15-day period fixed by § 1456 of the Civil Code as determining an implied renewal had already expired.

nesses who testified regarding this particular only made speculations and conjectures. Up to the time of the trial the compensation had not been paid. The appellee Isidora Somolinos testified that the appellant had informed her that one-half of the compensation would be at least $300. The appellant himself testified that he thought it would amount to not less than $250. We agree with the lower court that this evidence is sufficient to justify the conclusion that the appellees would receive on that account not less than $250.

The appellant suggests, without discussing the point, that for the purpose of determining the jurisdiction of the court the proceeds of the cane plantations cannot be considered as part of the rent. He is wrong. The parties expressly agreed that the proceeds of the cane would form part of the rent, and that agreement was perfectly valid.[2]

As to whether there was an agreed extension or an implied renewal of the lease, the evidence, as we have seen, was frankly conflicting. The district court gave credit to the evidence for the appellees. The appellant argues that the court manifestly erred, for, although the appellees testified that the meeting in June 1944, at which demand was made for the surrender of the property, was held on the 12th of that month, they admit that at the meeting the appellant delivered a check to them, and it appears that this check bears date of June 23, the day on which, according to the appellant, the meeting took place. Nevertheless, the appellee Isidora Somolinos, a witness who was accorded full credit by the lower court, insisted, when the matter of the check was called to her attention, that the meeting was held on June 12, and she explained that on several occasions the appellant had paid her by means of postdated checks. We have no basis for concluding that the trial judge erred in solving the conflict in

---

(2) Such an agreement is not in conflict with the provision of § 1433 of the Civil Code (1930 ed.) which requires that the lease be made for a *certain price*, since the rent is regarded as *certain* when it is *determinable* even though it may not be *determined*. *Morales* v. *Alvarez*, 63 P.R.R. 199.

the evidence as to the exact date on which the meeting of June 1944 took place, and on the contrary, from a reading of the whole evidence the impression is obtained that the judge acted correctly in giving credit to the witnesses for the plaintiffs.

The judgment appealed from should be affirmed.